UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HANDY,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL E. CUEVA,<br><br>    Defendant. | No. 2:21-cv-1431 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner at California Medical Facility, has filed a document styled as a motion for preliminary injunction and to be excused from exhausting administrative remedies. ECF No. 1. No other documents have been filed by the plaintiff.

In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and he must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying injunctive relief until an action has been properly commenced, and if plaintiff fails to file a complaint it will be recommended that the motion for preliminary relief be denied and this action be dismissed.

Furthermore, because plaintiff is a prisoner suing over the conditions of his confinement,

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1

his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). Plaintiff's request to be relieved of the requirement that he exhaust his administrative remedies prior to filing a complaint will therefore be denied. Plaintiff must exhaust his available administrative remedies prior to filing a complaint or face dismissal of the complaint as unexhausted.[2]

Plaintiff will be provided the opportunity to file a complaint if he wishes to do so, and to submit an application requesting leave to proceed in forma pauperis or the appropriate filing fee. If plaintiff chooses to proceed with filing a complaint, he is advised that in drafting his complaint he does not need to cite any law and should instead focus on explaining to the court what each defendant did or did not do that he believes violated his constitutional rights. If plaintiff does not wish to file a complaint at this time, he may so notify the court and this case will be closed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to be excused from exhausting his administrative remedies is DENIED.

---

[2] Administrative remedies may be found to be unavailable in three circumstances. Ross, 136 S. Ct. at 1859. "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). Second, the process "might be so opaque that it becomes, practically speaking, incapable of use." Id. Third, administrative remedies are unavailable when prison administrators bar inmates from using the grievance process "through machination, misrepresentation, or intimidation." Id. at 1860. Other than unavailability, there is no exception to the exhaustion requirement under PLRA. Ross, 136 S. Ct. at 1856. The court will not make any determinations regarding the availability of administrative remedies unless a complaint has been filed and such a determination is necessary to the continuation of this action.

2. Within thirty days from the date of service of this order, plaintiff may file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The complaint must bear the docket number assigned this case and plaintiff must file an original and two copies of the complaint. If plaintiff chooses to file a complaint, he must also submit, within thirty days from the date of service of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court or the filing fee in the amount of $402.00.[3] Plaintiff's failure to file a complaint within the time provided will result in a recommendation that this matter be dismissed.

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action and the application to proceed in forma pauperis by a prisoner.

DATED: August 13, 2021

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The $402.00 is comprised of the $350.00 filing fee and a $52.00 administrative fee. If plaintiff is granted leave to proceed in forma pauperis, plaintiff is not required to pay the $52.00 administrative fee.